JUSTICE MORRIS
dissents.
¶85 I agree with the Court that its proposed instruction may have informed the jury slightly more fully and fairly of the critical legal aspects of the “reasonably clear liability” determination. I also agree with the Court that the District Court did not have the benefit of its legal analysis. ¶ 42. No surprise there as Peterson failed to present to the Court most of the analysis and the legal authorities to support it that the Court has adopted. The Court nevertheless takes the District Court to task for failing to allow the jury to make an informed determination of liability with respect to Peterson’s UTPA claim.
¶86 The District Court first instructed the jury on St. Paul’s duty under the UTPA to pay claims and medical expenses when liability is reasonably clear. The court instructed the jury that liability does not need to be certain in order to be reasonably clear. The court further instructed the jury on “reasonably clear liability” in accordance with § 27-1-702, MCA. The instruction provided, in pertinent part, that “[njegligence on the part of the plaintiff does not bar his/her recovery unless such negligence was greater than the negligence of the *319 defendant.”
¶87 The Court concedes that the general principles of negligence law included in this instruction were “important to guide the jury’s evaluation of St. Paul’s conduct.” ¶ 40. The Court determines, however, that the jury was not fully and fairly informed of the applicable law without another instruction that defined “reasonably clear liability” that would have focused the jury on an objective evaluation of St. Paul’s conduct. ¶ 40.
¶88 To remedy this omission the Court does not adopt a jury instruction proffered by Peterson and rejected by the District Court. The Court glosses over the instructions proposed by Peterson that the District Court refused to give to the jury. The Court instead determines that the District Court should have provided an entirely new instruction, never previously required by a court in Montana, which flows from decisions by courts in Massachusetts and West Virginia. ¶ 41. The Court concludes that the District Court further should have instructed the jury that “liability is ‘reasonably clear’ when a reasonable person, with knowledge of the relevant facts and law, would conclude, for good reason, that the defendant is liable to the plaintiff.” ¶ 39.
¶89 This proposed instruction may help clarify to the legal aspects of reasonably clear liability. The Court stretches to determine, however, that the District Court abused its discretion in failing to provide a jury instruction not offered by either party. I cannot agree under these circumstances that the District Court abused its discretion when it failed to provide the jury with instructions not proffered by either party. And I cannot agree under these circumstances that the District Court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason when it failed to anticipate the boundaries of “reasonably clear liability” as articulated here for the first time by this Court. I dissent from the Court’s decision to remand this matter for a new trial.
JUSTICE RICE joins in the foregoing dissent.
DISTRICT COURT JUDGE DAYTON, sitting in for JUSTICE LEAPHART, joins in the foregoing dissent.